IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| EDWIN HOLT, | ) |
|---|---|
| Plaintiff, | ) |
| | ) JUDGE: _____ |
| v. | ) |
| | ) CASE NO.: _____ |
| OTIS ELEVATOR COMPANY, | ) |
| Defendant. | ) |

**DEFENDANT OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Otis Elevator Company ("Otis") removes the above-captioned case from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio, Eastern Division.[1] This Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446(b)(1). Complete diversity of citizenship exits between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice of Removal, Otis states as follows:

**BACKGROUND**

1. On February 4, 2020, Plaintiff Edwin Holt commenced this action by filing a Complaint in the Cuyahoga County Court of Common Pleas bearing Case No. CV-20-928910. All pleadings and filings in this action are attached as Exhibit A.

---

[1] By removing this action to this Court, Otis does not waive any defenses, objections, or motions available under state or federal law.

2. Plaintiff claims that on or about April 4, 2018, while working at the Louis Stokes Cleveland VA Medical Center, he entered an elevator and then "the doors closed, the lights suddenly went out and the elevator plummeted to the basement, shaking violently as it crashed." (Pl. Compl., Ex. A at ¶12.)

3. Because of the incident, Plaintiff alleges he sustained a "sharp, stabbing pain in his left leg along with tingling in his foot, which went numb" and "pain shooting down the left side of his neck into his shoulders." (*Id.* at ¶17.)

4. Plaintiff alleges that because of this incident he has had to undergo medical care and incurred medical care costs, "great" pain and suffering, "severe mental anguish," emotional distress, wage loss, and other economic damages. (*Id.* at ¶23.)

5. Plaintiff further alleges that his injuries are permanent and will require future medical care, medical costs, and that he will continue to endure "great" pain, suffering, mental anguish, and emotional distress. (*Id.* at ¶24.)

6. The Cuyahoga County Court's docket reflects service to Otis on February 7, 2020.

7. Accordingly, this Notice of Removal is being filed within thirty (30) days after Otis's first receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based, as required by 28 U.S.C. § 1446(b)(1).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

8. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs.

2
011877\000096\4599924

9. A defendant seeking removal has a duty to present to the Court that it is more likely than not that the plaintiff's claims exceed the amount in controversy requirement proscribed by 28 U.S.C § 1332(b). *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). In determining the amount in controversy, the district court may consider whether it is "facially apparent" from the complaint that the amount in controversy is above the jurisdictional threshold. *See, e.g., Rotschi v. State Farm*, 114 F.3d 1188, 1997 WL 259352 at *4 (6th Cir. 1997).

10. Given the nature of Plaintiff's alleged permanent injuries, and the types of damages sought, it is facially apparent that Plaintiff seeks an amount of compensation that exceeds $75,000. *See Henry v. Jolley*, No. 2:17-cv-1065, 2018 WL 1473637, at *4 (S.D. Ohio March 26, 2018) (finding that Plaintiff's allegations of injuries to "both his body and psyche" and that his injuries were "permanent and long lasting" were sufficient to show an amount of controversy exceeding $75,000); *Kusmich v. J.C. Penny Corporation, Inc.*, No. 5:05-cv-1586, 2005 WL 2233255, at *2 (N.D. Ohio August 29, 2005) (holding Plaintiff's allegations of damages in excess of $25,000 along with permanent injuries and future medical expenses and lost wages sufficient to prove an amount of controversy in excess of $75,000).

11. Plaintiff here demanded a judgment "exceeding twenty-five thousand dollars," present and future medical costs, present and future pain and suffering damages, present and future emotional distress, and present wage loss and other economic damages resulting from his permanent injuries allegedly caused by an elevator incident. (Pl. Compl., Ex A. at ¶¶ 23-24.)

011877\000096\4599924

12. Given Plaintiffs' allegations, it is more likely than not that Plaintiff seeks an award in excess of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP EXISTS

13. At the time this action was commenced, Plaintiff was a citizen of Ohio. (*Id*. at ¶ 1.)

14. Otis is incorporated in the State of New Jersey and has its principal place of business in Connecticut. Otis is therefore a citizen of New Jersey and Connecticut for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

15. Because Plaintiff is a citizen of Ohio and Otis is not a citizen of Ohio, diversity of citizenship exists under 28 U.S.C. §§ 1332 and 1441(b).

## PROCEDURAL REQUIREMENTS

16. For the foregoing reasons, this Court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332. This case may be removed to this Court pursuant to 28 U.S.C. § 1446(b)(1).

17. The Cuyahoga County Court of Common Pleas is located within the Northern District of Ohio, Eastern Division. Venue is therefore proper because this is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

18. As required by 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served upon Otis, including summonses and petitions.

19. The Cuyahoga County Common Pleas Court's docket reflects service on February 7, 2020. Therefore, removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

011877\000096\4599924

20. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Cuyahoga County Court of Common Pleas.

WHEREFORE, Defendant Otis Elevator Company gives notice that the civil action docketed CV-20-928910 in the Cuyahoga County, Ohio Court of Common Pleas is removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1).

Respectfully submitted,

/s/ *Joseph A. Manno*
Thomas W. Baker (0070558)
Seth H. Wamelink (0082970)
Joseph A. Manno (0092258)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:  216.592.5009
E-mail:  thomas.baker@tuckerellis.com
 seth.wamelink@tuckerellis.com
 joseph.manno@tuckerellils.com

*Attorneys for Defendant Otis Elevator Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Additionally, a copy will be sent via regular mail and e-mail to the following:

Kathleen Harris
Andrea Young
Charles E. Boyk Law Offices, LLC
405 Madison Ave., Suite 1200
Toledo, Ohio 43604
kharris@charlesboyk-law.com
ayoung@charlesboyk-law.com

*Attorneys for Plaintiff*

/s/ *Joseph A. Manno*
*One of the Attorneys for Defendant Otis Elevator Company*